UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PETER GLABIK,** : | |
| Plaintiff : | CIVIL ACTION NO. 3:20-0791 |
| v : | |
| : | (JUDGE MANNION) |
| **ONAWA TOWNHOUSES COMMUNITY OWNERS ASSOCCION, INC. AND VINCENT J. SOLE, individually and d/b/a IN BLOOM LANDSCAPING SERVICES,** : : : : | |
| Defendants | |

## MEMORANDUM

Before the court is the plaintiff Peter Gabik's ("Gabik") complaint against defendants Onawa Townhouses Community Owners Association, Inc. ("Onawa") and Vincent J. Sole, individually and d/b/a In Bloom Landscaping Service ("Sole"). (Doc. 1). Because the complaint fails to adequately establish that the court has subject matter jurisdiction over this action, it will be dismissed without prejudice to plaintiff's amending it to cure the deficiencies identified herein.

I.   **BACKGROUND**

The plaintiff filed the instant complaint, (Doc. 1), asserting claims of negligence under state law.[1] Plaintiff claims federal diversity jurisdiction pursuant to 28 U.S.C. §1332. Defendant Sole has also asserted cross-claims against co-defendant Onawa, claiming that Onawa is solely or jointly liable to the plaintiff. (Doc. 21).

II.   **DISCUSSION**

"A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*." *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir.1999). "When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed.R.Civ.P. 12(h)(3). The party asserting federal jurisdiction, moreover, bears the burden of showing that the case is properly before the court at all stages of the

---

[1] Plaintiff's complaint asserts claims of negligence against defendants Onawa (Count I) and Sole (Count II). (Doc. 1). Counts I and II of the complaint each seek monetary damages in an amount in excess of $75,000. *Id*. at ¶¶37, 39.

litigation. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Federal complaints must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed.R.Civ.P. 8(a)(1).

If the jurisdictional error is simply a technical error in the notice, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. §1653. "Section 1653 gives both district and appellate courts the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003). Although an amendment after the 30 day filing period may not allege new grounds for jurisdiction, it may be allowed to cure technical deficiencies. *See, e.g., Xia Zhao v. Skinner Engine Co.*, Civ. Action No. 11–7514, 2012 WL 1758145, at *2 (E.D. Pa. 2012).

In the instant case, the plaintiff invokes this court's jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §1332. Under this section of the statute, federal district courts have diversity jurisdiction over cases where the action involves citizens of different states and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. §1332(a). In

cases premised on diversity of citizenship, there must be complete diversity between plaintiffs and defendants. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). In such cases, a plaintiff's failure to allege citizenship is fatal. *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977) (*citing* *Thomas v. Bd. of Trs.,* 195 U.S. 207, 211 (1904)). A district court may not overlook such a defect, even where parties fail to raise it or consent to have it waived. *Id.* (*citing* *Thomas,* 195 U.S. at 211) ("[i]t is ... well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court.")).

Accordingly, the court must consider whether the complaint sufficiently establishes the citizenship of the parties to this action. The court finds that it does not, and the court is unable to determine the citizenship of the parties.

For diversity jurisdiction purposes, a natural person is deemed to be a citizen of where he is domiciled. *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179, 182 (3d Cir. 2008) (*citing* *Gilbert v. David,* 235 U.S. 561, 569 (1915)). The plaintiff asserts only that he resides in New Jersey. However, residency is not the same as domicile for diversity of citizenship purposes. *See Krasnov v. Dinan,* 465 F.2d 1298, 1300 (3d Cir. 1972) ("…mere residency in a state

- 4 -

is insufficient for purposes of diversity…The fact of residency must be coupled with a finding of intent to remain indefinitely") (citations omitted). For example, a person may reside in one state but be domiciled in another. *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989). Having reviewed the parties' filings to date, the court is unable to locate evidence of plaintiff's intent to remain in New Jersey. The court thus cannot determine plaintiff's state of citizenship from his complaint or facts in the record.

  The court is also unable to determine the citizenship of defendant Sole. The complaint asserts only that "Sole, individually and d/b/a In Bloom Landscape Service… is an adult individual with a principal place of business located at the above address in Monroe County, Pennsylvania." (Doc. 1 at ¶3). The plaintiff does not allege Sole's state of domicile and the court is unable to determine his domicile from the record. Moreover, to the extent that In Bloom Landscape is a sole proprietorship whose only proprietor is Sole, it would take its citizenship from that of Sole. *Smith v. Agresta,* No. Civ.A.04-5266, 2005 WL 950603, at *1 (E.D.Pa. Apr. 21, 2005). Therefore,

the citizenships of Sole and, to the extent applicable, In Bloom Landscape Service, [2] are uncertain at this stage of the litigation.

Finally, the citizenship of defendant Onawa is not apparent from the parties' filings. The complaint avers that Onawa is "a Pennsylvania corporation with a principal place of business" in Pennsylvania. (Doc. 1 at ¶2). However, an allegation of where a corporation has "a place of business" or "a principal place of business" does not adequately plead where the corporation has "its principal place of business" for diversity of citizenship purposes. *J & R Ice Cream Corp.*, 31 F.3d at 1265 n. 3; *see also*, *S. Freedman & Co., Inc. v. Raab*, 180 F. App'x. 316, 320 (3d Cir. 2006) (affirming district court's dismissal of a complaint for lack of subject matter jurisdiction where the complaint alleged where the plaintiff corporation had "a principal place of business," rather than "its principal place of business").

---

[2] The plaintiff does not specify what type of business entity In Bloom Landscape Service is. To the extent In Bloom Landscape is a corporation, the plaintiff has failed to adequately establish its citizenship as it has not alleged its state of incorporation and where it has its principal place of business pursuant to 28 U.S.C. §1332(c)(1). *See also*, *J & R Ice Cream Corp. v. California Smoothie Licensing,* 31 F.3d 1259, 1265 n. 3 (3d Cir. 1994) (concluding that a complaint did not adequately plead a corporation's principal place of business where it stated "a" principal place of business, thereby leaving open the possibility that it had "its" principal place of business elsewhere).

- 7 -

For these reasons, as it currently stands, plaintiff's complaint fails to show the existence of the court's subject matter jurisdiction on the basis of diversity of citizenship. Further, the court is unable to determine the citizenship of the parties based upon facts in the record.

### III.    CONCLUSION

Because the court cannot determine whether subject matter jurisdiction exists, the plaintiff's complaint is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, pursuant to 28 U.S.C. §1653, the plaintiff will be given an opportunity to amend its third-party complaint to adequately allege the existence of subject matter jurisdiction. The plaintiff will be granted twenty-one (21) days in which to file an amended complaint.

An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: May 25, 2022**
20-0791-01-Order